

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:08CR171

DWAYNE WHITE

## MEMORANDUM OPINION

Dwayne A. White, a federal inmate proceeding pro se, filed this 28 U.S.C. § 2255 Motion. By Memorandum Opinion and Order entered on July 26, 2011, the Court dismissed all of White's claims for § 2255 relief except for Claim Four.[1] As pertinent here, the Court Ordered that, within twenty-five days of the date of entry of the July 26, 2011 Memorandum Opinion and Order:

> A. White shall submit copies of any records or correspondence which support his assertion that he conveyed to counsel his desire to file an appeal.
>
> B. White is directed to provide the Court with a statement reciting any communications he had with counsel concerning White's instructions to counsel regarding an appeal. The statement must include a verbatim account of what White said to his attorney and the exact responses from his attorney. The statement must recite the date and locations of any conversations that took place. Additionally, White must identify what efforts he made to ascertain whether his attorney had filed an appeal. White must explain when and why he first suspected that counsel had not filed an appeal. Such statement must be in affidavit form or sworn under penalty of perjury.

---

[1] In Claim Four, White alleged "Counsel rendered ineffective assistance of counsel . . . when counsel fail[ed] to file an appeal on the 240 months consecutive sentence of both counts that amounted to a 480 [month] sentence." (§ 2255 Mot. at 6.)

(July 26, 2011 Mem. Op. 7.) More than twenty-five (25) days have elapsed since the entry of the July 26, 2011 Memorandum Opinion and Order and White did not respond. Accordingly, by Memorandum Order entered on November 14, 2011, the Court directed White to show cause for his failure to comply with the terms of the July 26, 2011 Memorandum Opinion and Order. The Court warned White that the failure to comply with the terms of this Memorandum Order would result in the dismissal of Claim Four.

More than eleven (11) days have elapsed since the entry of the November 14, 2011 Memorandum Order and White has not responded. Accordingly, Claim Four will be DISMISSED. See Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989). White's § 2255 Motion (Docket No. 27) will DENIED and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). White has not satisfied this

standard. Accordingly, the Court denies a certificate of appealability.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to White and counsel for the United States.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: December 15, 2011
Richmond, Virginia